**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **TERESA MESHONE GUY** | **CIV. ACTION NO. 3:26-00544** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **HHC MEDICAL & CRITICAL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Rule 12(b)(5) motion to dismiss for insufficient service of process [doc. # 8] filed by BRFHH Monroe, L.L.C. d/b/a Ochsner LSU Health Monroe (incorrectly sued as "Conway Hospital") (hereinafter, "LSU Health Monroe"). The motion is unopposed. For reasons set forth below, IT IS RECOMMENDED that the motion to dismiss be GRANTED. FED. R. CIV. P. 12(b)(5). IT IS FURTHER RECOMMENDED that the entire case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and for failure to timely serve Defendants. FED. R. CIV. P. 12(h)(3) and 4(m).

## Background

Teresa Meshone Guy ("Guy") filed the instant civil action on February 18, 2026, against Defendants, HHC Medical & Critical ("HHC"); Steward Health Care System, L.L.C. ("Steward"); Conway Hospital; and Children's Hospital of Northeast. (Compl. [doc. # 1]). Guy alleged that she "was at a devastate [sic] of criminal act whas throw [sic] on me." *Id.* She added that she complained about an "aircraft plan signaled me [sic] down on my head" and caused a critically bad condition. *Id.*[1] Guy contemporaneously filed a motion for leave to proceed *in*

[1] This matter is one of at least five civil suits filed by Guy in this district. *See* Civ. Action Nos.

*forma pauperis*, which the Court granted on February 26, 2026. [doc. #s 2-3].

On April 14, 2026, LSU Health Monroe filed a motion for extension of time to file its response to the suit. [doc. # 5].

On April 15, 2026, Guy filed two "Proof[s] of Service," one for Steward and one for HHC. [doc. # 6]. However, the documents indicated that Guy had purported to serve Steward and HHC herself, apparently via other entities. *Id.*

On April 16, 2026, the Court granted LSU Health Monroe's motion for extension of time to file its responsive pleading but noted that any service attempts made by Guy, herself, were ineffective. [doc. # 7]. In other words, there was "no evidence of proper service on any Defendant" in the case. *Id.*

On May 20, 2026, LSU Health Monroe filed the instant motion to dismiss for insufficient service on the grounds that, (1) Guy dropped off a copy of the summons, without a copy of the complaint in violation of Rule 4(c)(1); (2) she claimed to have served the summons herself in violation of Rule 4(c)(2); and (3) she attempted to serve LSU Health Monroe via an employee, instead of its properly appointed agent for service of process in violation of Rule 4(h). Furthermore, Conway Hospital, the Defendant that Guy named in her Complaint, is not a viable legal entity. *See* Decl. of Dorothy Whittington. (M/Dismiss, Exh. A [doc. # 8-1]).

On June 30, 2026, Guy filed a three-page handwritten document that the Clerk of Court docketed as her response to LSU Health Monroe's motion to dismiss. (Pl. Response [doc. # 10]). Guy's "response," however, did not address the service issues raised by LSU Health Monroe's

---

23-1140, 26-0542, 26-0543, and 26-3071. To date, none of the suits has proceeded past service, with two already having been dismissed for failure to serve/prosecute. *Id.* The allegations in the other suits are just as fanciful and incoherent as those set forth here.

motion to dismiss. *Id*. Rather, she discussed the kidnapping and murder of a baby, Sean Levall Green, at San Bernardino Hospital in California. *Id*. Guy also alleged that someone took her settlement check. *Id*.

LSU Health Monroe did not file a reply brief, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 9]. Accordingly, the matter is ripe.

**Analysis**

Guy is proceeding *in forma pauperis*, and this Court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The Court also has a duty to examine the basis for subject matter jurisdiction. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. *Humphries v. Various Federal U.S. INS Employees*, 164 F.3d 936, 941 (5th Cir. 1999).

**I. Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." *Id*. There is a presumption that a suit lies outside that limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 537 (5th Cir. 2017).

The Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends. FED. R. CIV. P. 8(a)(1). Here, Guy used a form titled, "Complaint for a Civil Case," and checked the box for federal

question jurisdiction, but then completed the section of the form for citizenship of the parties when jurisdiction is based on diversity. (Compl. [doc. # 1]). Regardless, review of the record confirms that neither basis for jurisdiction is supported here.

a) Federal Question Jurisdiction

"[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution, laws, or treaties of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006) (citation omitted). A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013).

First and foremost, Guy did not identify any specific federal statutes, treaties, and/or provisions of the United States Constitution that were at issue in her case. *See* Compl., pg. 3. In addition, the Court does not discern any federal question on the face of her Complaint. Accordingly, the Court lacks federal question jurisdiction.

b) Diversity Jurisdiction

For purposes of diversity jurisdiction, "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Therefore, to properly invoke diversity

jurisdiction, a plaintiff must set forth the citizenship of the parties, and allege that the amount that she seeks to recover exceeds $75,000. When jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). This rule requires "strict adherence." *Id.*

In this case, Guy stated that she shared Louisiana citizenship with one or more Defendants. *See* Compl., pgs. 3-4. Moreover, she did not allege the citizenship of all the named Defendants. *Id.* In addition, Guy did not explain why or how the amount in controversy exceeded $75,000. *Id.*, pg. 4.

In sum, Guy's pleading does not set forth requisite facts for the exercise of diversity or federal question jurisdiction. In the absence of original subject matter jurisdiction, the Court is unable to exercise supplemental jurisdiction, 28 U.S.C. § 1367.

c) Amendment

Generally, a *pro se* plaintiff should be permitted to amend her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, a district court may deny leave to amend if the proposed amendment is futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citations omitted).

Here, an amendment to perpetuate nonsensical and fanciful allegations represents the epitome of futility. Accordingly, on the present record, the Court declines to accord Guy an opportunity to amend her pleadings.

## II. Insufficient Service of Process

LSU Health Monroe seeks dismissal for insufficient service of process. FED. R. CIV. P. 12(b)(5). "[A] Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x. 688, 692 (5th Cir. 2008) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1353) (internal quotation marks omitted).

When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, Civ. Action No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Kitchen*, 2020 WL 2404911, at *1 (citations omitted). Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, Civ. Action No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, No. 19-0367, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

As stated above, LSU Health Monroe contends that service of process was invalid because (1) it was not made on the proper person, (2) it did not include a copy of the complaint with the summons, and (3) the service attempt was made by Guy, herself. The Court will address each issue, in turn.

1) <u>Service Not Made on Proper Person</u>

LSU Health Monroe is a limited liability company, which is an unincorporated association. *See* Decl. of Dorothy Whittington (M/Dismiss, Exh. A) (identifying LSU Health Monroe as an LLC). The requirements for service of process on a corporation, partnership, or association are found in Rule 4(h) of the Federal Rule of Civil Procedure, and read as follows:

> **(h) Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . .

FED. R. CIV. P. 4(h)(1). Rule 4(e)(1), in turn, authorizes service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ." FED. R. CIV. P. 4(e)(1).

LSU Health Monroe effectively contends that Guy's service attempt was improper under both the federal method, 4(h)(1)(B), and the forum state method, as incorporated via Rule 4(h)(1)(A) and (e)(1). In the Fifth Circuit, service on an entity's agent pursuant to Rule 4(h)(1)(B) must be made on an individual "actually authorized . . . to accept service of process on the would-be principal's behalf . . ." *Lisson v. ING GROEP N.V.*, 262 Fed. App'x. 567, 569 (5th Cir. 2007) (citation omitted). As to who constitutes a "managing or general agent" under

Rule 4(h)(1)(B), the Fifth Circuit has observed that "one invested with general powers involving the exercise of independent judgment and discretion is such an agent." *Johnson v. Courtesy Auto. Grp.*, Civ. Action No. 20-0103, 2021 WL 1230490, at *11 (M.D. La. Mar. 8, 2021), *R&R adopted,* 2021 WL 1227869 (M.D. La. Mar. 31, 2021).

Similarly, under Louisiana law, service of process on a domestic or foreign limited liability company must be made by personal service on one of its agents for service of process. LA. C.C.P. ART. 1266. Service may be made on a limited liability company's manager, member (if there is no manager), or employee, but only when the limited liability company has failed to designate an agent for service of process or the person attempting to make service certifies that she is unable, after due diligence, to serve the designated agent. LA. C.C.P. ART. 1266(B).

Here, LSU Health Monroe's Financial Operations Manager, Dorothy Whittington received the summons from Guy. (Whittington Decl., M/Dismiss, Exh. A). She stated that she was not an officer, managing or general agent, or authorized agent for accepting service of legal process on behalf of LSU Health Monroe. *Id*. Despite opportunity to do so, Guy has not overcome this showing. Therefore, Guy's attempt to serve LSU Health Monroe, via Dorothy Whittington, was ineffective under Rule 4.

2) <u>Failure to Serve a Copy of the Complaint with the Summons</u>

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint." FED. R. CIV. P. 4(c)(1). Serving the summons or a copy of the complaint, without the other, renders service invalid. *See Kitchen,* 2020 WL 2404911, at *3; *Styles v. McDonalds Rest*., Civ. Action No. 17-0791, 2019 WL 2266636, at *3–4 (E.D. Tex. Jan. 28, 2019), *R&R adopted*, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019); *see also Aerielle Techs., Inc. v. Procare Int'l Co*., No. 08-0284, 2011 WL 767775, at *2 (E.D. Tex. Feb. 28, 2011)

(citation omitted) ("Although strict conformity with Rule 4's provisions is not required in every instance . . . actual receipt of both the summons and the complaint is a base requirement.")). A failure to provide defendant with a copy of the complaint violates Rule 4(c). *Thrasher v. City of Amarillo*, 709 F.3d 509, 510 (5th Cir. 2013).

LSU Health Monroe submitted uncontroverted evidence establishing that it did not receive a copy of the complaint with the summons. *See* Decl. of Dorothy Whittington; M/Dismiss, Exh. A [doc. # 8-1]. Accordingly, service was insufficient.

3) Service by a Party

Rule 4 provides that service of the summons and complaint may be made by "[a]ny person who is at least 18 years old and not a party . . ." FED. R. CIV. P. 4(c)(2). Simply put, a party to a suit may not serve another party in the same suit. *Thomas v. Sticker*, Civ. Action No. 25-289, 2025 WL 1142417, at *2 (E.D. La. Apr. 17, 2025) (collecting cases).

Here, Guy purported to serve Defendants herself. *See* Unexecuted Returns of Service [doc. # 6]. Moreover, the Court specifically advised Guy that her service attempts were ineffective. *See* doc. # 7. In the intervening five-plus months, there is no indication that she took any steps to redress the error.

**III. Failure to Serve**

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . ." FED. R. CIV. P. 4(c)(1). Rule 4(m) provides, in turn, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a

specified time." FED. R. CIV. P. 4(m).

Nonetheless, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Furthermore, "[a] litigant's pro se status neither excuses h[er] failure to effect service nor excuses h[er] for lack of knowledge of the Rules of Civil Procedure." *Thrasher,* 709 F.3d at 512 (citations omitted).

Guy filed this suit in February 2026. Over five months ago, the Court notified her that she had failed to properly serve Defendants. [doc. # 7]. Since then, there is no indication that she has tried to properly serve Defendants. Moreover, even after LSU Health Monroe filed the instant motion to dismiss, which specifically alerted Guy to her insufficient service attempts, she still took no action. In fact, she did not even respond to LSU Health Monroe's insufficient service argument at all, let alone demonstrate good cause for her failure to do so.

At this point, Guy's ongoing failure to serve Defendants is inexcusable. Therefore, the Court finds that dismissal for failure to perfect service is warranted as to all Defendants.[2] *See Thrasher,* 709 F.3d at 514 (court properly dismissed suit after it warned plaintiff and granted her generous extensions of time, but plaintiff still failed to effect service properly); *Kitchen,* 2020 WL 2404911, at *4 (no basis to confer additional time to pro se plaintiff to effect service after

[2] Guy received prior notice that her service attempts were insufficient. The instant report and recommendation provides her with additional notice.

eight months had passed since suit was filed).

## IV. Justification for a Dismissal that is Effectively with Prejudice

Although the dismissal of Guy's claims under Rules 12(b)(1), 12(b)(5), and 4(m) will be without prejudice, the court recognizes that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *McGowan v. Faulkner Concrete Pipe Co*., 659 F.2d 554, 556 (5th Cir.1981)).

Failure to effect service is a failure to prosecute. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice for failure to prosecute is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not prompt diligent prosecution, or the record shows that lesser sanctions have proved to be futile. *Berry*, 975 F.2d at 1191 (citing *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Callip v. Harris County Child Welfare Dept*., 757 F.2d 1513, 1519-21 (5th Cir. 1985); *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985); *Morris v. Ocean Systems*, 730 F.2d 248, 252 (5th Cir. 1984)). Additionally, in most cases where dismissal with prejudice is warranted, one of the following aggravating factors is present: "(1) delay caused by plaintiff h[er]self and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *McGlathery*, 792 F.2d at 474; *see also Callip*, 757 F.2d at 1529.

Here, there is a clear record of delay. Guy has failed for the past eight months to properly serve Defendants. Furthermore, this is not an isolated incident, but a uniform pattern of hers.

*See, e.g.,* Civ. Action Nos. 23-1140 and 26-0542 (suits dismissed for failure to serve). As discussed above, Guy has ignored at least one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that she no longer wishes to pursue her cause of action.[3] Also, because Guy is proceeding *in forma pauperis* in this matter, she likely does not enjoy the financial resources to fund an alternative monetary sanction.[4] Moreover, given Guy's incoherent and fanciful allegations against non-existent or misnamed entities, a dismissal with prejudice is likely to prove inconsequential. Finally, Guy's unrepentant flaunting of court orders[5] reflects her own contumaciouness or "stubborn resistance to authority"[6] which is personally attributable to her as a litigant unrepresented by counsel.[7]

**V. Sanctions**

The Court emphasizes that it enjoys the inherent authority to impose sanctions, including an injunction, against litigants who use the legal system to harass their opponents through vexatious litigation. *Terra Partners v. Rabo Agrifinance, Inc.*, 504 Fed. App'x. 288, 290-91 (5th Cir. 2012).

---

[3] Certainly, if Guy disputes this inference, she may do so in her objection to the instant report and recommendation.

[4] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[5] This report and recommendation itself provides Guy with further notice of her non-compliance.

[6] *See Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008).

[7] While the court is aware that Guy is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

The Court cautions Ms. Guy that if she continues to file fanciful and baseless lawsuits such as this one, then the Court may have to resort to the imposition of appropriate monetary and/or injunctive sanctions against her.

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that BRFHH Monroe, L.L.C.'s motion to dismiss for insufficient service of process [doc. # 8] be GRANTED, and that Plaintiff Teresa Meshone Guy's claims against said Defendant be DISMISSED WITHOUT PREJUDICE. FED. R. CIV. P. 12(b)(5).

IT IS FURTHER RECOMMENDED that Plaintiff Teresa Meshone Guy's claims against all Defendants be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and for failure to perfect service. FED. R. CIV. P. 12(h)(3) and 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 2nd day of October, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE